1  DOUGLAS E. LUMISH, Bar No. 183863
   doug.lumish@lw.com
2  RICHARD G. FRENKEL, Bar No. 204133
   rick.frenkel@lw.com
3  LISA K. NGUYEN, Bar No. 244280
   lisa.nguyen@lw.com
4  SHONEY A.H. BLAKE, Bar. No. 264981
   shoney.blake@lw.com
5  NATASA PAJIC, Bar. No. 268144
   natasa.pajic@lw.com
6  LATHAM & WATKINS LLP
   140 Scott Drive
7  Menlo Park, CA 94025
   Telephone: (650) 328-4600
8  Facsimile:  (650) 463-2600

9  KYLE A. VIRGIEN, Bar No. 278747
   kyle.virgien@lw.com
10 LATHAM & WATKINS LLP
   505 Montgomery Street, Suite 2000
11 San Francisco, CA 94111-6538
   Telephone: (415) 391-0600
12 Facsimile:  (415) 395-8095

13 Attorneys for Plaintiff and Counter-Defendant
   WHATSAPP INC.

**FILED**

APR 0 2 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

14              UNITED STATES DISTRICT COURT

15              NORTHERN DISTRICT OF CALIFORNIA

16              SAN FRANCISCO DIVISION

17

18 WHATSAPP INC.,                    CASE NO. 3:13-CV-4272-JST

                                     [PROPOSED] STIPULATED ORDER RE:
19       Plaintiff and              DISCOVERY OF ELECTRONICALLY
         Counter-Defendant,         STORED INFORMATION

20   v.                             Judge:    Hon. Jon S. Tigar

21 INTERCARRIER COMMUNICATIONS       Filing Date: April 1, 2014
   LLC,                              Trial Date: None set
22
         Defendant and
23       Counter-Plaintiff.

24

25      The parties, by and through their respective counsel of record, stipulate that the following

26 procedures shall govern discovery of Electronically-Stored Information ("ESI") in this case,

27 subject to approval and entry by the Court.

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

1

STIPULATION AND [PROPOSED] ORDER REGARDING
ELCTRONICALLY STORED INFORMATION
CASE NO. 5:13-CV-4272-JST

1  **I.    PURPOSE**

2       This Order will govern discovery of electronically stored information ("ESI") in this case

3  as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the

4  Discovery of Electronically Stored Information, the Court's January 22, 2014, Scheduling Order

5  (the "Scheduling Order"), and any other applicable orders and rules.

6  **II.   COOPERATION**

7       The Parties are aware of the importance the Court places on cooperation and commit to

8  cooperate in good faith throughout the matter consistent with this Court's Guidelines for the

9  Discovery of ESI.

10 **III.  LIAISON**

11      The parties have identified liaisons to each other who are and will be knowledgeable

12 about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or

13 have access to those who are, knowledgeable about the technical aspects of e-discovery,

14 including the location, nature, accessibility, format, collection, search methodologies, and

15 production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about

16 ESI and to help resolve disputes without court intervention.

17 **IV.   PRESERVATION**

18      The parties have discussed their preservation obligations and needs and agree that

19 preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the

20 costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

21      1.    Materials retained in tape, floppy disk, optical disk, or similar formats primarily

22 for back-up or disaster recovery purposes should be considered not reasonably accessible under

23 Fed. R. Civ. P. 26(b)(2)(B) and, accordingly, should not be subject to production unless specific

24 facts demonstrate a particular need for such evidence that justifies the burden of retrieval.

25 Archives stored on computer servers, external hard drives, notebooks, or personal computer hard

26 drives that are created for disaster recovery purposes and not used as reference materials in the

27 ordinary course of a Party's business operations need not be searched or produced absent good

28 cause, and further subject to the producing Party's claim of undue burden or cost. No Party need

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SILICON VALLEY

2

STIPULATION AND [PROPOSED] ORDER REGARDING
ELCTRONICALLY STORED INFORMATION
CASE NO. 5:13-CV-4272-JST

1  deviate from the practices it normally exercises with regard to preservation of such "tape, floppy
2  disk, optical disk, or similar formats primarily for back-up or disaster recovery purposes" that it
3  does not otherwise exercise when not in anticipation of litigation (*e.g.*, recycling of back-up
4  tapes is permitted).

5      2.      Voicemail messages, random access memory, instant messages and chats,
6  WhatsApp messages, information from mobile phones, smart phones, or PDAs that is not
7  duplicative of data stored on servers or other reasonably accessible sources, and dynamic fields
8  of databases or log files that are not stored or retained in the ordinary course of business should
9  be considered not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B) and, accordingly, need
10  not be searched and should not be subject to production absent a showing of good cause by the
11  requesting Party based upon specific facts that demonstrate a particular need for such evidence
12  that justifies the burden of retrieval and further subject to the producing Party's claim of undue
13  burden or cost.

14      3.      If responsive documents are located on a centralized server or network, the
15  producing Party shall not be required to search for additional copies of such responsive
16  documents that may be located on a personal computer, or that are otherwise in the possession,
17  of individual employees absent a showing of good cause that the production of such additional
18  copies is necessary.  No Party need deviate from the practices it normally exercises with regard
19  to preservation of such "additional copies" that it does not otherwise exercise when not in
20  anticipation of litigation (*e.g.*, recycling of back-up tapes is permitted).

21      4.      The Parties have agreed that certain limitations on the production of emails are
22  appropriate in this case.  The limitations concerning the production of emails are addressed in
23  Section VII.

24  **V.    SEARCH**

25      The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if
26  appropriate, they will meet and confer about methods to search ESI in order to identify ESI that
27  is subject to production in discovery and filter out ESI that is not subject to discovery.

28

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SILICON VALLEY

3

STIPULATION AND [PROPOSED] ORDER REGARDING
ELCTRONICALLY STORED INFORMATION
CASE NO. 5:13-CV-4272-JST

**VI.  PRODUCTION FORMATS**

The parties agree that each of their document productions when made shall comply with the following requirements:

1.  Searchable Documents

    i.    If a document is searchable in its native format, the producing Party will produce it in a searchable form.

2.  Hard Copy Documents

    i.    OCR will be provided with images of hard copy documents to the extent such OCR data is in the possession of the producing Party or its counsel; provided, however, that the producing Party is not required to OCR hard copy documents as part of its document production.

    ii.    If documents are OCR'd, document level TXT files will be provided (one TXT file for each document).

    iii.    The documents should be logically unitized to preserve page breaks between documents and otherwise allow separate documents to be identified.

3.  Electronic Documents

    i.    Electronic documents will be produced with extracted text.

    ii.    The extracted text shall be in document text level files, rather than embedded text files, and the extracted text will not be in the database load file.

4.  Text-searchable or OCR Format

    i.    To the extent a producing Party provides electronically-produced files in text-searchable or OCR format, the receiving Party accepts the searchable portion of the files "as is," and the producing Party accepts no liability as to the accuracy of searches conducted in such files.

    ii.    If there are any Chinese, Japanese, or Korean type of characters, Unicode (UTF-8) formatted extracted text files will be provided.

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SILICON VALLEY

4

STIPULATION AND [PROPOSED] ORDER REGARDING
ELCTRONICALLY STORED INFORMATION
CASE NO. 5:13-CV-4272-JST

5. <u>Digital Image Files</u>

    i.    Scanning should be single-page black-and-white TIFF images (group iv / 300 dpi). Therefore, whether an electronic document is imaged or a paper document is imaged, both will be the same format.

    ii.    PDF files will be produced with document level text files, instead of embedded text.

    iii.    Files shall be produced with a load file containing the following information in the following mutually agreed upon manner:

        1.    Beginning Document Bates Number. NOTE: The Bates numbers will have sufficient leading zeros (at least 7) and no spaces or symbols (e.g., WA0000001);

        2.    Ending Document Bates Number;

        3.    Beginning Attachment Bates Number; and

        4.    Ending Attachment Bates Number.

6. <u>Color Images</u>

    i.    The producing party may produce color documents as black and white documents with the option to obtain color documents from the producing party if the receiving party specifically requests color copies of the documents and upon a showing of good cause by the requesting party. For the avoidance of doubt, good cause includes, but is not limited to, the following: (a) the documents include schematics, diagrams, graphs, charts, etc.; (b) the documents are unclear or illegible; or (c) the color version of the document serves to differentiate the information presented in the document.

    ii.    Nothing in this provision precludes a party from voluntarily producing any document in color.

7. <u>Native Files</u>

    i.    If any documents are produced in native format, a database load file will

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SILICON VALLEY

5

STIPULATION AND [PROPOSED] ORDER REGARDING
ELCTRONICALLY STORED INFORMATION
CASE NO. 5:13-CV-4272-JST

1    be provided that includes a NATIVE FILE field path.

2    ii.   Native files should be produced in a separate folder (e.g., NATIVES\001

3          and NATIVES\002) if possible.

4    iii.  Excel spreadsheets and other file types not readily reduced to usable PDF

5          or TIFF format may be produced in native format.  The Parties each

6          reserve the right to request that each Excel spreadsheet be produced in

7          native form.

8    iv.   Should any party request any other document be produced in its native

9          electronic format, the Parties agree to meet and confer in good faith to

10          determine whether production of the document is reasonably necessary

11          and appropriate.

12    8.   Load Files

13    i.    At a minimum, DAT and OPT load files shall be provided, including for

14          PDF files.

15    ii.   Concordance delimiters for the DAT file are preferred.  No comma

16          delimiters should be used.

17    9.   Paper and PDF Copies of Native Electronic Documents

18    i.    To the extent that a Party prepares paper or PDF (or the equivalent) copies

19          of any electronic documents produced in their native format for any

20          purpose, including, but not limited to, copies for use and review by

21          counsel, copies to provide to expert witnesses, court filings, pleadings,

22          expert reports, or deposition or trial exhibits, the Bates number and the

23          applicable confidentiality designation must be replicated on each page of

24          the paper copies.

25    10.  Additional Metadata Fields

26    i.    With respect to any emails, at least the To\From\cc\Subject\Sent Date

27          fields shall be provided.

28    The Parties reserve the ability to request that additional metadata fields be set forth or

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

6

STIPULATION AND [PROPOSED] ORDER REGARDING
ELCTRONICALLY STORED INFORMATION
CASE NO. 5:13-CV-4272-JST

1 │ provided for certain specified electronic documents upon review of the other Party's

2 │ production. The Parties reserve their respective rights to object to any such request

3 │ **VII.    PRODUCTION OF EMAILS**

4 │     1.    General ESI production requests under Federal Rules of Civil Procedure 34 and

5 │ 45 shall not include email or other forms of electronic correspondence (collectively "email"). To

6 │ obtain email parties must propound specific email production requests.

7 │     2.    Email production requests shall only be propounded for specific issues, rather

8 │ than general discovery of a product or business.

9 │     3.    Email production requests shall be phased to occur after the parties have

10 │ exchanged initial disclosures and Technical Document Productions as set forth in Section VIII

11 │ below. While this provision does not require the production of such information, the Court

12 │ encourages prompt and early production of this information to promote efficient and economical

13 │ streamlining of the case.

14 │     4.    Email production requests shall identify the custodian, search terms, and time

15 │ frame. The parties shall cooperate to identify the proper custodians, proper search terms and

16 │ proper timeframe.

17 │     5.    ICC's email production requests are limited to a total of five (5) WhatsApp

18 │ custodians for all such requests. WhatsApp's email production requests are limited to five (5)

19 │ ICC, Acacia Research Corp, and/or TeleCommunication Systems Inc. custodians for all such

20 │ requests. The parties may jointly agree to modify this limit without the Court's leave. The Court

21 │ shall consider contested requests for up to five (5) additional custodians per producing party,

22 │ upon showing a distinct need based on the size, complexity, and issues of this specific case.

23 │ Should a party serve email production requests for additional custodians beyond the limits

24 │ agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party

25 │ shall bear all reasonable costs caused by such additional discovery.

26 │     Each requesting party shall limit its email production requests to a total of ten search

27 │ terms per custodian per party. The parties may jointly agree to modify this limit without the

28 │ Court's leave. The Court shall consider contested requests for up to five additional search terms

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

7

STIPULATION AND [PROPOSED] ORDER REGARDING
ELCTRONICALLY STORED INFORMATION
CASE NO. 5:13-CV-4272-JST

1 | per custodian, upon showing a distinct need based on the size, complexity, and issues of this
2 | specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate
3 | terms, such as the producing company's name or its product name, are inappropriate unless
4 | combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A
5 | conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows
6 | the search and shall count as a single search term. A disjunctive combination of multiple words
7 | or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase
8 | shall count as a separate search term unless they are variants of the same word. Use of
9 | narrowing search criteria (*e.g.*, "and," "but not," "w/x") is encouraged to limit the production and
10 | shall be considered when determining whether to shift costs for disproportionate discovery.
11 | Should a party serve email production requests with search terms beyond the limits agreed to by
12 | the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all
13 | reasonable costs caused by such additional discovery

14 | **VIII.** **[INTENTIONALLY OMITTED]**

15 |

16 | **IX.** **DOCUMENTS PROTECTED FROM DISCOVERY**

17 |     1.     Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-
18 | protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection
19 | from discovery in this case or in any other federal or state proceeding. For example, the mere
20 | production of privileged or work-product-protected documents in this case as part of a mass
21 | production is not itself a waiver in this case or in any other federal or state proceeding.

22 |     2.     Communications involving trial counsel that post-date the filing of the complaint
23 | in the Virginia action, captioned *Intercarrier Communications LLC v. WhatsApp Inc.*, Case No.
24 | 3:12-CV-00776-JAG (E.D. Va.) need not be placed on a privilege log. Communications may be
25 | identified on a privilege log by category, rather than individually, if appropriate.

26 | **X.** **SOURCE CODE**

27 |     This Stipulation does not govern the format for production of source code, which shall be
28 | produced pursuant to the relevant provisions of the Protective Order.

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SILICON VALLEY

8

STIPULATION AND [PROPOSED] ORDER REGARDING
ELCTRONICALLY STORED INFORMATION
CASE NO. 5:13-CV-4272-JST

1   **XI.    METHODOLOGY**

2   Notwithstanding any other provisions herein, metadata (as used herein to refer to

3   electronically stored information about a document that does not appear on the face of the original

4   document if emailed or printed), or any back-up materials (i.e., materials retained primarily for back-

5   up or disaster recovery purposes) need not be searched or produced absent a Court order upon

6   showing of good cause and neither the producing party nor the receiving party need deviate from any

7   practice it normally follows with regard to preservation of such materials (e.g., regularly schedule

8   deletion of voicemail, archiving electronic data without associated metadata, recycling of back-up

9   tapes conducted in the ordinary course of a party's business operation is permitted), except upon a

10  showing of good cause.

11  The producing party need not employ forensic data collection or tracking methods and

12  technologies, but instead may make electronic copies for collection and processing purposes

13  using widely-accepted methods or methods described in manufacturers' and/or programmers'

14  instructions, help menus, websites, and the like (e.g., .pst's, .zip's, etc.), except when and to the

15  extent there is good cause to believe specific, material concerns about authenticity exist with

16  respect to specific documents and materials. If receiving party believes that there is such good

17  cause, then the producing party and the receiving party shall meet and confer in good faith to

18  determine the extent to which forensic and other data associated with the specific documents and

19  materials should be produced.

20  **XII.    MODIFICATION**

21  This Stipulated Order may be modified by a Stipulated Order of the parties or by the

22  Court for good cause shown.

23  **IT IS SO STIPULATED**, through Counsel of Record.

24  Dated: April 1, 2014                    By: */s/ Richard G. Frenkel*
25                                               Richard G. Frenkel
                                                 Counsel for WhatsApp Inc.
26

27  Dated: April 1, 2014                    By: */s/ Kimberly Kennedy*
                                                 Kimberly Kennedy
28                                               Counsel for Intercarrier Communications LLC

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

9

STIPULATION AND [PROPOSED] ORDER REGARDING
ELCTRONICALLY STORED INFORMATION
CASE NO. 5:13-CV-4272-JST

1

2       **IT IS ORDERED** that the forgoing Agreement is approved.

3

4

5 Dated: 4/2/14                             _____

6                          HON. UNITED STATES DISTRICT JUDGE JON S. TIGAR

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

10

STIPULATION AND [PROPOSED] ORDER REGARDING
ELCTRONICALLY STORED INFORMATION
CASE NO. 5:13-CV-4272-JST

1     **ATTESTATION PURSUANT TO CIVIL L.R. 5–1(I) RE E-FILING ON BEHALF OF**

2                     **MULTIPLE SIGNATORIES**

3       Pursuant to Civil Local Rule 5–1, I, Richard G. Frenkel, hereby attest concurrence in the

4 filing of this document has been obtained from the signatory listed above.

5

    Dated: April 1, 2014                     By: _/s/ Richard G. Frenkel_

6                                       Richard G. Frenkel

                                      LATHAM & WATKINS LLP

7                                       Counsel for WhatsApp Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
SILICON VALLEY

11

STIPULATION AND [PROPOSED] ORDER REGARDING
ELCTRONICALLY STORED INFORMATION
CASE NO. 5:13-CV-4272-JST